IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT BORDY, [1] | § | |
| | § | No. 499, 2019 |
| Petitioner Below, | § | |
| Appellant, | § | |
| | § | Court Below–Family Court |
| v. | § | of the State of Delaware |
| | § | |
| RAEGAN RADIA, | § | File No.    CK15-02343 |
| | § | Pet. Nos.   18-30076 |
| Respondent Below, | § |            18-34451 |
| Appellee. | § | |

Submitted:  May 22, 2020
Decided:  July 29, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon careful consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    Robert Bordy ("the Father") appeals the Family Court's October 31, 2019 order awarding primary placement of the parties' two minor children to their mother, Raegan Radia ("the Mother").[2]    We find no merit to the appeal. Accordingly, we affirm the Family Court's judgment.

(2)    The parties, who never married, share legal custody of their two daughters, born in 2014 and 2016, respectively ("the Children").  Under a December

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] The Family Court's order also dismissed the Mother's petition for rule to show cause.  That decision is not at issue in this appeal.

2017 custody order, placement of the Children alternated between the Father, who lives in New York, and the Mother, who lives in Delaware, on a week-to-week basis. In October 2018, the Father filed a petition to modify the custody order, seeking final decision-making authority and primary placement of the Children. The Father alleged that continuing enforcement of the 2017 custody order would endanger the children's physical health and impair their emotional development because the Mother was unable to care adequately for the children and failed to attend to their medical needs. The Mother filed a counterclaim seeking primary placement of the children.

(3) The Family Court held a hearing over the course of four days on June 7, 2019, July 9, 2019, July 11, 2019, and July 12, 2019. The Family Court heard testimony from three mental health professionals, the Children's caregivers, the Mother's five older children, as well as the Mother and the Father. At the conclusion of the hearing, the Family Court issued an eighty-seven-page written order, awarding primary placement of the Children to the Mother. Although the Family Court explicitly rejected the grounds for modification alleged by the Father, it nevertheless concluded that modification of the 2017 custody order was warranted because (i) the parties agreed that—because their Children were no longer toddlers and their older daughter would soon enter kindergarten—continued enforcement of the shared placement provision of the custody order was no longer desirable and (ii) all three

2

mental health professionals who testified agreed that continuing with the shared placement arrangement would be disruptive to the Children's mental well-being going forward.[3] This appeal followed.

(4) On appeal, the Father argues: (i) the Family Court failed to consider the Mother's ex-husband's domestic violence history and the Father's mental health expert's "uncontroverted" testimony that the Mother is emotionally detached from her children when it balanced the best-interests factors under 13 *Del. C.* § 722; (ii) the Family Court's factual findings are not supported by the record; and (iii) the Family Court's decision was not the product of an orderly and logical deductive process and, in fact, constituted discrimination against the Father—a single parent— in violation of the Equal Protection Clause of the United States Constitution.

(5) Our review of an appeal from a custody decision extends to both the facts and the law, as well as to the inferences and deductions made by the Family Court after considering the weight and credibility of the testimony.[4] To the extent that the Family Court's decision implicates rulings of law, our review is *de novo*.[5] Findings of fact will not be disturbed unless they are found to be clearly erroneous

---

[3] Because the petition to modify was filed within two years of the court's last custody order, the Family Court could not modify its prior order unless it found that continuing enforcement of the prior order may endanger the Children's physical health or significantly impair their emotional development. 13 *Del. C.* § 729(c)(1).

[4] *Devon v. Mundy*, 906 A.2d 750, 752 (Del. 2006).

[5] *Id.*

and justice requires that they be overturned.[6] The judgment below will be affirmed "when the inferences and deductions upon which [the decision] is based are supported by the record and are the product of an orderly and logical deductive process."[7]

(6) After careful consideration of the parties' briefs and the record on appeal, we find it evident that the judgment of the Family Court should be affirmed on the basis of and for the reasons assigned in the Family Court's thoughtful and well-reasoned October 31, 2019 order. After determining that modification of the custody order was warranted under 13 *Del. C.* § 729(c)(1), the Family Court weighed all of the relevant evidence bearing on the best-interests factors under 13 *Del. C.* § 722, as it was required to do. Contrary to the Father's contentions, a thorough review of the record and a fair reading of the Family Court's opinion shows that the Family Court considered all of the relevant evidence in this case, including the testimony of the Father's psychological expert regarding the Mother's ability to care for the Children and the evidence of the protection from abuse consent order entered against the Mother's ex-husband in 2012.[8] Finding that all but one of the factors was neutral and that the remaining factor—the parties' past and present compliance with their parental rights and responsibilities—weighed against both parties due to their

---

[6] *Id.*

[7] *Id.* at 752-53.

[8] The Family Court ordered that the Children have no unsupervised contact with the Mother's ex-husband, with whom the Mother co-parents four of her older children.

4

inability to communicate, the Family Court properly considered other relevant evidence,[9] including the Mother's successful history of co-parenting her other five children, the Children's bond with their half-siblings, and the parties' respective ability or willingness to relocate to be near the Children. The Family Court's conclusion was the product of a logical deductive process and did infringe upon the Father's constitutional rights. It is clear that the trial judge considered all of the evidence under the appropriate legal standards and that its findings of fact are supported by the record. The Family Court did not err or abuse its discretion in determining that joint legal custody, with the Mother having primary placement of the Children, was in the Children's best interest. We recognize that these facts required that the Family Court make a tough call because it was not presented with an easy or obviously correct outcome. Our duty on appeal is to defer to a difficult decision made by the trial court when it is supported by the record and the law, as it is here.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[9] 13 *Del. C.* § 722 ("The [Family] Court shall determine the legal custody and residential arrangements for a child in accordance with the best interests of the child. In determining the best interests of the child, the Court shall consider *all relevant factors* including [those enumerated herein.]" (emphasis added)).

5